UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAUDIE COX SCIBILIA, individuall and as
successor of the affairs of Scibilia Enterprises, Inc.,

        Plaintiff,

-vs-                                          Case No. 2:09-cv-658-FtM-29SPC

GOURLEY & GOURLEY, LLC, and D. TRENT
GOURLEY, managing member,

        Defendants.
_____/

## ORDER

        This matter comes before the Court on the Plaintiff Maudie Cox Scibilia's Unoposed Motion for Leave to File Third Amended Complaint (Doc. #60) filed on September 29, 2010. Pursuant to M.D. Fla. Local Rule 3.01(g), the Plaintiff conferred with the Defendant who does not oppose granting leave to file the Third Amended Complaint.

        Under rule 15(a), a party may amend the party's pleading as a matter of course before being served with a responsive pleading or up to twenty-one (21) days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours &

Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

The Plaintiff seeks to amend the Complaint for the sole purpose of adding G & G, LLC. as party defendant to this litigation. The Defense Counsel has requested that the Defendant be allowed twenty-one (21) days to respond to the Third Amended Complaint. The Court finds good cause to grant the Motion for Leave to Amend and allow the extension requested by the Defendant.

In addition, on September 3, 2010, the Plaintiff filed a Partial Motion for Summary Judgment (Doc. # 49) as to the Defendant's liability for investment loses. That Motion is now moot and due to be denied. The Motion may be refiled in accord with the Federal and M.D. Fla Local Rules. Additionally, the Defendant filed a Motion to Dismiss (Doc. # 51) on September 10, 2010. Likewise, the Defendant's Motion to Dismiss is now moot and due to be denied as such.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiff Maudie Cox Scibilia's Unoposed Motion for Leave to File Third Amended Complaint (Doc. #60) is **GRANTED**. The Clerk of the Court is hereby directed to accept and file the Third Amended Complaint attached to the instant Motion as Exhibit 1.

(2) The Defendant has up to and including **Friday, October 22, 2010**, to file the Response to the Third Amended Complaint.

(3) The Plaintiff Maudie Cox Scibilia's Partial Motion for Summary Judgment (Doc. # 49) is **DENIED as moot**. The Motion may be refiled in accord with the Federal and M.D. Fla Local Rules.

(4) The Defendant D. Trent Gourley's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 51) is **DENIED as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of October, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record